## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELEN FREELANDER,

    Plaintiff,

v.                                                        Civil No. 00-1253 LH/WWd

WILLIAM A. HALTER, COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed May 7, 2001 **(Doc. 7)**.  Plaintiff was initially approved for disability benefits in July 1993, with an onset date of November 1991.  Benefits were terminated by the Social Security Administration in May 1998, following a continuing disability review conducted by the Administration.   Ms. Freelander appeals the termination of benefits and finding that her condition shows medical improvement sufficient to indicate that she can return to her past relevant work as a graphic designer, and also that she has the residual functional capacity to perform sedentary work.

    2.  The Commissioner requests that the Court allow the case to be remanded so that the Administrative Law Judge ("ALJ") can make express findings in order to substantiate his findings in the decision which Plaintiff challenges.  Plaintiff objects to remand on the basis that further fact-finding would serve no purpose, and urges the Court instead to reverse the ALJ's decision and

award a continuation of disability benefits.

3. This Court disagrees with Plaintiff's position. After reviewing the record and the specific bases for Plaintiff's alleged errors, a reversal of the ALJ's decision would involve reweighing the evidence, which the Court may not do. Casias v. Sec. of Health & Hum. Serv., 933 F.2d 799, 800 (10th Cir. 1991) (court may not reweigh the evidence or substitute its judgment for that of the Commissioner); Sisco v. U.S. Dept. of Health & Hum. Serv., 10 F.3d 739, 741 (10th Cir. 1993).

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ failed to give proper weight to Plaintiff's treating physician; (2) the ALJ failed to make any conclusion as to credibility; (3) the ALJ failed to perform analysis of whether Plaintiff met or equaled a listed impairment; (4) the ALJ erred in finding that Plaintiff had the residual functional capacity to return to past relevant work; and (5) the ALJ erred in finding that Plaintiff can do substantial gainful activity at any exertional level.

6. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). Social Security Regulations require the Commissioner to evaluate five

factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. § 404.1520(a - f).  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

7.  At the first four levels of the evaluation, the claimant must show:  (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

8.  In termination of benefit cases, benefits may not be discontinued without a showing that the claimant's condition has improved.   Once having found the claimant to have a disability, the Commissioner may not terminate the benefits without substantial evidence to justify so doing.  This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity.  Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984).

9.  Ms. Freelander has a history of congenital hip dysplasia.  Her initial award of benefits in 1993 was premised on this condition meeting one of the listed impairments, § 1.03(A).  She underwent surgery at different dates in December 1994, involving total hip replacement of both her right and left hips.  Plaintiff was followed up by her surgeon, Dr. Richard White, until December 1995.  Dr. Mark Evanko became her treating physician after that time.  According to Plaintiff, the hip surgery did not have any effect on her back pain, which Ms. Freelander has had since 1975.  Tr. at 380.

10. Plaintiff lives with her husband, a full-time student in the theater department, his eight year-old daughter, and her five year-old daughter. Tr. at 363-64, 366. At the time of the hearing in April, 1998, Ms. Freelander was attending the University of New Mexico part-time finishing up her fourth year for a liberal arts degree in fine arts. Upon graduation, Plaintiff planned to work part-time, "possibly doing short term workshops" or selling her designs. Tr. at 367, 379.

11. Ms. Freelander said she cannot tolerate more than two days of classes, each day attending for only an hour and a half. Tr. at 377. She can sit in class for about 45 minutes before she has a break. She naps after class and then does her homework, which she described keeping up with as a "constant struggle." She usually finds herself "too tired to concentrate" and that "even sitting is a struggle." Tr. at 378. Plaintiff told the ALJ that she felt she was doing the most activity that she handle. Tr. at 383.

12. Plaintiff told the ALJ she can walk about two blocks, stand in one place about a half-hour, lift 10 pounds frequently and 30 pounds occasionally. Id. She told the ALJ that she hurts all the time in her knees, ankles, back, shoulders and neck, at a level 4 to 5 on a scale of 10. The pain worsens in cold weather. Tr. at 372

13. She told the ALJ that if she had a five-day a week job, she would perhaps be able to sit for a total of only three hours a day, and then thought that she would reach a time where she would be unable to do even that much sitting. Tr. at 381. At the time of the hearing, she said that she had to lie down at least a half hour, twice a day, on average, and that when she does not lie down, she has to take "lots of pain killers" and be "down for a day or two without being able to do anything." Tr. at 382.

**First Alleged Error**

14. Plaintiff alleges that the ALJ failed to give proper weight to Plaintiff's treating physician, Dr. Evanko, who in 1996 took over Ms. Freelander's medical care as treating physician after Dr. White.

15. The record contains Dr. Evanko's May 1997 and March 1998 questionnaire (completed a month prior to the hearing). Between the two reports, Dr. Evanko indicated that Plaintiff's tolerances for sitting and standing had degenerated: sitting and standing at one time--from 2 hours to 1 hour; sitting and standing from 2 hours to 1 hour total. The doctor opined that Plaintiff could not perform full-time sedentary work, Tr. at 255, and that her hip and back conditions met the requirements for listed impairments §1.03 and § 1.05. Tr. at 327.

16. Plaintiff's position is that the ALJ should have relied on these reports and rendered a decision that Ms. Freelander is disabled, instead of relying on other non-examining health care providers. Tr. at 19.

17. The record contains reports of two state agency physicians, Dr. Gwen Sun and Dr. Paula Lane. Plaintiff objected to Dr. Sun's "evaluation," complaining that Dr. Sun spent only about five minutes with her. Tr. at 101-02. Both reports opined that Plaintiff could perform a full range of sedentary work. Tr. at 14, 112, 227. As the ALJ noted, a functional capacity assessment done by Ms. Cillessen, a physical therapist, indicated that during an entire day, Ms. Freelander can stand and walk for four out of eight hours, and sit for six hours. Tr. at 16, 310.

18. The ALJ relied on the objective findings of Ms. Cillessen[1] and the medical reports of

---

[1] While a physical therapist does not qualify as an "acceptable medical source" under the regulations, 20 C.F.R. SS 404.1513(a), 416.913(a), physical therapists do qualify as "other sources." §§ 404.1513(e), 416.913(e). As such a physical therapist's opinion can be considered, but the opinion is entitled to less weight than that accorded to the opinions of acceptable medical sources. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir.1996). Thus, the ALJ did not err in

Dr. Lane and Dr. White. According to the progress notes and letter of Dr. White, who *did* treat Plaintiff for her surgery and follow-up for her hip condition, Plaintiff reported "flexibility and lack of pain and her ability to do things" at one-year post-op. Tr. at 293-297.

19. A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. Goatcher v. Dep't of Health & Hum. Serv., 52 F.3d 288, 289 (10th Cir. 1995) (citing Frey v. Bowen, 816 F.3d 508, 513 (10th Cir. 1987)). I agree with the Commissioner that the case be remanded in order for the ALJ to make explicit findings regarding his rejection of Dr. Evanko's opinion. Although the Court must thoroughly examine the record to determine whether the decision is supported by substantial evidence, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Sisco v. U.S. Dept. of Health & Hum. Serv., 10 F.3d 739, 741 (10th Cir. 1993)

20. However, I agree with Plaintiff that the ALJ did not sufficiently address Plaintiff's back impairment, Tr. at 25, which should also be addressed on remand in that the ALJ should make specific findings on this condition.

**Second Alleged Error**

21. Plaintiff contends that the ALJ failed to make any conclusion as to credibility. However, the ALJ's decision does in fact contain specific findings on this issue, addressed according to the correct legal standard, SSR 96-7.[2] Tr. at 21-23. The decision contains

---

considering the physical therapist's opinion in conjunction with the opinions of acceptable medical sources. Komar v. Apfel, 1998 WL 30267 (10th Cir. Okla).

[2] SSR 96-7 states that : regulations require that the adjudicator consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or

references to the record which relates to several factors used in the credibility inquiry, such as location, duration, frequency and intensity, daily activities, treatment modalities and their effectiveness and consistency of complaints with objective medical evidence.[3]

22. The ALJ mentioned Plaintiff's daily activities and looked at what activities exacerbated Plaintiff's symptoms. Ms. Freelander does housework, although she reports having "really cut down." Tr. at 367. She can sweep the floor, does most of the cooking, cannot move furniture to vacuum, gets help making beds, and still drives. Tr. at 37. The ALJ also looked at treatment prescribed and followed (exercise and physical therapy) and medical reports which indicated a non-severe level of pain (e.g., Dr. White's description of the pain as moderate, alleviated with medication and exercise and noting that the symptoms did not reduce Plaintiff's capacity for sedentary work).

23. However, because this case should be remanded for explicit findings regarding the rejection of Dr. Evanko's opinion, the ALJ's reweighing of the evidence may have an impact on the consistency between findings on the objective medical evidence and Plaintiff's symptoms. Thus, the ALJ should conduct another credibility inquiry on remand.

**Third Alleged Error**

---

psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case".

[3] Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988) (several factors are relevant in determining the credence given to a claimant's statements of disabling pain, including the levels of medication [taken] and their effectiveness, the extensiveness of the attempts to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence).

24. Plaintiff contends that the ALJ failed to perform analysis of whether Plaintiff met or equaled a listed impairment. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 531 (1990); SSR 83-19.

25. It is not clear whether the ALJ found that Plaintiff did not meet all, or some, of the specified medical criteria, because the ALJ's decision on this level of analysis was limited to one sentence: "Claimant's status post bilateral hip replacement and degenerative disc disease do not meet or equal any listed impairment." Tr. at 18. These findings are insufficient, and on remand, the ALJ should discuss the evidence in the record which supports his findings. See Clifton v. Chater, 79 F.3d 1007, 1008 (10th Cir. 1996) (ALJ was required to discuss evidence and explain why he found that claimant was not disabled; ALJ could not merely state summary conclusion that claimant's impairments did not meet or equal any listed impairment).

**Fourth and Fifth Alleged Errors**

26. Plaintiffs last two allegations of errors -- that the ALJ erred in finding that Plaintiff had the residual functional capacity to return to past relevant work, and that Plaintiff can do substantial gainful activity at any exertional level -- are related to findings on residual functional capacity, which in turn are related to a reweighing of the medical evidence and reports of the various health care providers. These two issues should be addressed on remand for the same reasons underlying remand of the first alleged error, above.

27. In sum, (1) the ALJ failed to include specific reasons for rejecting one of Plaintiff's treating physicians, Dr. Evanko; 2) the ALJ did present a conclusion as to credibility, but the

8

inquiry should be repeated following a reweighing of the objective medical evidence; (3) the ALJ failed to perform the required step two analysis; (4) & (5) the ALJ's decisions regarding Plaintiff's ability to perform past relevant work and substantial gainful activity at any level are incomplete based on the ALJ's error concerning findings on Dr. Evanko's opinion.

## Recommendation

I recommend that Plaintiff's Motion to Remand be GRANTED IN PART and that this cause be remanded to the Commissioner for proceedings consistent with this opinion, which includes: (1) a reweighing of the medical opinions and evidence so that specific findings can be made regarding the ALJ's rejection of Dr. Evanko's opinion, as well as an inquiry into Plaintiff's back condition; (2) a credibility determination in light of the reweighing of the medical evidence; (3) a discussion of the evidence in the record which supports the ALJ's findings at step two; and (4) the conducting of inquiries into Plaintiff's residual functional capacity and her ability to do substantial gainful activity at any exertional level following a reweighing of the medical evidence.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE